_____

No. 96-2103
_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   District of Nebraska.
William Sellers,                              *
                                              *        [UNPUBLISHED]
            Appellant.                        *


_____

            Submitted:  October 10, 1996

               Filed:  October 11, 1996
                    _____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
                    _____

PER CURIAM.

      William Sellers, an African-American, challenges the 84-month
sentence imposed by the district court[1] after he pleaded guilty to
possessing cocaine base (crack) with intent to distribute, in violation of
21 U.S.C. § 841(a)(1).  We affirm.

      At issue is Sellers's offense-level calculation, which was derived
from the penalty scheme set forth in 21 U.S.C. § 841(b)(1), providing the
same penalties for given amounts of crack and 100 times greater amounts of
powder cocaine.  Sellers argues that the 100-to-1 ratio has a
disproportionate adverse effect on African-Americans; Congress's rejection
of the Sentencing Commission's proposed amendment to the Sentencing
Guidelines--which would have eliminated the 100-to-1 ratio and equalized
the penalties for crack

_____

      [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

and powder cocaine--evidences a discriminatory purpose on Congress's part in maintaining the penalty scheme; and, thus, continued application of the scheme violates his Fifth Amendment equal protection and due process rights. Sellers also contends the district court erred in not departing downward under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, based on the Commission's conclusion that the 100-to-1 ratio was not justified.

We recently rejected similar arguments in United States v. Carter, 91 F.3d 1196, 1198-99 (8th Cir. 1996) (per curiam) (equal protection and due process challenges), and in United States v. Lewis, 90 F.3d 302, 304-06 (8th Cir. 1996) (downward-departure challenge).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.